# Cooper & Kirk
### Lawyers
A Professional Limited Liability Company

David H. Thompson  
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

March 11, 2023

**VIA CM/ECF**
Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**RE: No. *Gray v. Attorney General of Delaware*, 23-1633; *Graham v. Attorney General of Delaware*, No. 23-1634**

Dear Ms. Dodszuweit:

We respectfully submit the following response to the State's notice of supplemental authority regarding *Ocean State Tactical, LLC v. Rhode Island*, No. 23-1072, 2024 WL 980633 (1st Cir. Mar. 7, 2024). Contrary to the State's assertions, *OST*, which involved a challenge to a ban on firearm magazines capable of holding more than ten rounds, did not properly follow the framework laid out in *N.Y. State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and it should not be followed.

Chief among its many faults, *OST* ignored *Bruen*'s admonition against "engag[ing] in means-end scrutiny under the guise of an analogical inquiry." 597 U.S. at 29 n.7. Purporting to compare the "how" and "why" of Rhode Island's magazine ban with the proffered historical analogues identified by Rhode Island, the First Circuit conducted precisely the sort of analysis it would have before *Bruen*—essentially concluding that the State's ban on common magazines was constitutional because it "imposes no meaningful burden on the ability of Rhode Island's residents to defend themselves" and serves the government's interest in preventing the "growing and real threat" posed by "mass shootings." *OST*, 2024 WL 980633 at *4, *6. That is nothing like the analysis required by *Bruen*, but it bears a remarkable resemblance to the invalid interest-balancing regime that *Bruen* overruled. 597 U.S.

# Cooper & Kirk
Lawyers

Patricia S. Dodszuweit
March 7, 2023
Page 2 of 2

at 26. Indeed, the First Circuit's analysis was even *worse* than the old analysis, since it applied no meaningful scrutiny at all to the challenged law.

*OST* also improperly rejected the argument that should have been dispositive: magazines holding more than ten rounds are "in common use" and so they may not be banned. The First Circuit claimed that the argument "defies reason," *OST*, 2024 WL 980633 at *9, but as Plaintiffs have explained, *Heller* and *Bruen* make clear that common use alone establishes that a ban on a type of "arm" is unconstitutional, and that consideration lies dispositively in Plaintiffs' favor. *See Gray & Graham* Pls.' Br. 15–30.

Sincerely,

*s/ David H. Thompson*
David H. Thompson

*Counsel for* Gray *and* Graham *Plaintiffs*

cc: All counsel of record (*via CM/ECF*)